# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No._____

**ZAYO GROUP, LLC, a Delaware Limited Liability Company,**

      Plaintiff,

v.

**VETERAN COMMUNICATIONS GROUP, INC., a Maryland Corporation,**

      Defendant.

## VERIFIED ORIGINAL COMPLAINT

COMES NOW Plaintiff Zayo Group, LLC ("**Plaintiff**" or "**Zayo**"), by and through counsel, and submits its *Verified Original Complaint* against Defendant Veteran Communications Group Inc. ("**Defendant**" or "**VCG**"). This filing is supported by the attached Exhibit and by the Verification of Abbi Dayton, General Counsel, Eastern U.S. & Canada for Zayo, incorporated by reference herein. In support of its Complaint, Zayo alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Zayo is a Delaware limited liability company with its principal place of business in the State of Colorado. Zayo's sole member is Zayo Group Holdings, Inc., a Delaware corporation with its principal place of business in the State of Colorado.

2. Veteran Communications Group Inc., is a Maryland corporation, with its principal place of business located in Maryland.

3. This Court may properly exercise jurisdiction over both parties and the subject matter of this action to 28 U.S.C. § 1332 in that complete diversity exists between the parties,

and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and pursuant to Section 10.2 of the Master Service Agreement which governed the relationship between Zayo and VCG (the "**MSA**"), which is attached hereto as **Exhibit "1."**

## STATEMENT OF FACTS

5. Plaintiff realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

6. In or around August of 2018, Zayo and VCG entered into a business relationship wherein VCG, from time to time, purchased certain telecommunications and related infrastructure services from Zayo for its use, and/or for the use and/or resale to its end users.

7. Over the course of their business relationship, Zayo and Veteran Communications entered into the following Service Orders:

    a. Service Order 1176888, dated August 17, 2018;

    b. Service Order 1215807, dated September 28, 2018;

    c. Service Order 1230436, dated October 15, 2018;

    d. Service Order 1232675, dated October 22, 2018;

    e. Service Order 1293505, dated October 22, 2018;

    f. Service Order 1260811, dated November 27, 2018;

    g. Service Order 1246965, dated December 6, 2018; and

        h.      Service Order 1266224, dated December 21, 2018,

(collectively, the "**Service Orders**"), attached hereto as **Exhibit "2."**

        8.      Each of the Service Orders included "Terms and Conditions," which stated that "this Service Order shall be governed by the terms and conditions of Zayo's Master Service Agreement and applicable Service Schedule in effect as of the date of this Service Order, incorporated herein by this reference and available upon request." The MSA is attached hereto as Exhibit "1" and the applicable Service Schedule is attached hereto as **Exhibit "3."**

        9.      Under the MSA, Zayo agreed to provide VCG with a monthly itemized invoice for Services and charges due and VCG agreed to pay all amounts due to Zayo in full within thirty (30) days from the date of the itemized invoice. *See* MSA § 2.3. Any invoice amounts not paid within thirty (30) days "shall bear interest at the rate of one and one-half percent (1.5%) per month or the highest lawful rate, whichever is lower." *Id*.

        10.      Under the MSA, VCG may dispute an invoice by providing Zayo written notice of said dispute within forty-five (45) days of the invoice date. *See* MSA § 2.4. If written notice is not provided within forty-five (45) days, any dispute regarding amounts due is deemed waived. *Id*.

        11.      Each month, Zayo delivered to VCG an itemized invoice for services and charges due pursuant to the terms of the MSA and Service Orders.

        12.      Beginning with the November 2018 invoice issued by Zayo, VCG began missing payments due and owing to Zayo.

        13.      However, due to the parties' relationship and in an effort of good faith, Zayo continued to provide services pursuant to the Service Orders even after VCG stopped paying its monthly invoices.

14. Each month, Zayo continued to provide VCG with monthly invoices reflecting its services, and attempted to arrange for payment of outstanding amounts.

15. VCG continued to fail to pay amounts due and owing.

16. As of the date of this Complaint, VCG has a remaining account balance of Two Million Ninety-Three Thousand Seventy Six Dollars and 94/100 ($2,093,076.94), including applicable interest, late fees, and taxes.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

17. Zayo realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

18. VCG's refusal to pay Zayo for the services provided it constitutes a material breach of the parties' Agreement.

19. As a result of this material breach, Zayo has been actually damaged in an amount to be proven at trial, but believed to be equal to at least Two Million Ninety-Three Thousand Seventy Six Dollars and 94/100 ($2,093,076.94).

20. Zayo also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

### SECOND CLAIM FOR RELIEF
(Unjust Enrichment)

21. Zayo realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

22. At VCG's request, Zayo provided services which VCG accepted, but failed to pay. Accordingly, VCG has been unjustly enriched at Zayo's expense.

23. Based on this unjust enrichment, Zayo has suffered damages in an amount to be determined at trial, but believed to be to be equal to at least Two Million Ninety-Three Thousand Seventy Six Dollars and 94/100 ($2,093,076.94).

24. Zayo also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
**(Account Stated)**

25. Zayo realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

26. Each month, Zayo presented VCG with the amount due for services provided by invoice.

27. At no time did VCG object to Zayo's invoices.  Following, it is implied that VCG accepted Zayo's invoices as true and correct and promised to pay the amount stated.

28. VCG has failed to pay the amount stated.

29. As a result of VCG's failure to pay the amount stated, Zayo has been actually damaged in an amount to be proven at trial, but believed to be equal to at least Two Million Ninety-Three Thousand Seventy Six Dollars and 94/100 ($2,093,076.94).

30. Zayo also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

Plaintiff Zayo Group, LLC respectfully requests that this Court find in its favor and against Defendant Veteran Communications Group Inc. as to all counts alleged herein, and enter judgment in Plaintiff's favor in the amount of Two Million Ninety-Three Thousand Seventy Six Dollars and 94/100 ($2,093,076.94), plus accrued and accruing pre-judgment and

post-judgment interest as allowed by law. Additionally, Zayo respectfully requests attorneys' fees and costs as allowed by law, and by the terms of the Master Service Agreement, Service Orders, and all such other and further relief as this Court may find just and proper.

Respectfully submitted this 17th day of November, 2020.

                      **HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

By: *s/ Anthony J. Jorgenson*
Anthony J. Jorgenson
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone: (405)553-2828
Facsimile: (405) 553-2855
Email: ajorgenson@hallestill.com

Kendra Snyder, CO Bar #50166
1600 Stout Street, Suite 500
Denver, CO 80202
Telephone: (303) 607-5450
Facsimile: (918) 594-0505
Email: ksnyder@hallestill.com

Amanda M. Lowe
320 South Boston, Suite 200
Tulsa, OK 74103-3708
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: alowe@hallestill.com

**ATTORNEYS FOR PLAINTIFF
ZAYO GROUP, LLC**

2219549.1:006214.00018

## VERIFICATION

STATE OF COLORADO )
) ss.
COUNTY OF BOULDER )

    I, Abbi Dayton, do hereby state that I am the General Counsel, Eastern U.S. & Canada for Zayo Group, LLC I have read the foregoing Verified Complaint and affirm that the statements contained therein are true and correct to the best of my knowledge.

_____
Abbi Dayton

Subscribed and sworn to before me on this 11th day of ~~October~~ November, 2020, by Abbi Dayton.

My commission expires on: 08-01-2024

_____
Notary Public

CASSANDRA TOTH
Notary Public
State of Colorado
Notary ID # 20164029069
My Commission Expires 08-01-2024

2219620.1:006214:00018